IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTER FOR MOLECULAR MEDICINE AND IMMUNOLOGY INC, <br><br> Plaintiff, <br><br> v. <br><br> IMMUNOMEDICS, INC. and GILEAD SCIENCES, INC., <br><br> Defendants. | Civil Action No. 24-943-CFC |

## MEMORANDUM ORDER

Plaintiff Center for Molecular Medicine and Immunology Inc (CMMI) alleges in the sole count of the Complaint that Defendants Immunomedics, Inc. and Gilead Sciences, Inc. breached a 2004 license agreement and a 2012 amendment of that agreement (together, the Agreement). D.I. 1 ¶¶ 26–32. According to CMMI, Defendants breached the Agreement by failing to pay CMMI royalties for sales of products that used CMMI's licensed developments and discoveries.

Pending before me is Defendants' motion pursuant to Section 3 of the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.* to stay the case pending arbitration or alternatively to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. D.I. 17. Under Section 3 of the

FAA, "when any issue in a suit is subject to arbitration, the court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.'" *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) (quoting 9 U.S.C. § 3). Rule 12(b)(6), for its part, allows a party to seek by motion dismissal of a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Agreement has an arbitration clause that reads in relevant part:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, that the parties hereto are unable to resolve by negotiation shall be referred to a panel of three arbitrators . . . . Such arbitration shall take place in a mutually convenient location in northern New Jersey, U.S.A . . . . Such arbitration shall be governed by the United States Arbitration Act, 9 U.S.C. 1 et seq., and shall be in accordance with the Rules of the American Arbitration Association. . . . Notwithstanding the foregoing, no controversy or claim requiring a judgment as to the validity, scope, applicability, enforceability or infringement of any patent or patent claim under which Licensor has the right to grant a license shall be resolved by arbitration under this [Agreement].

D.I. 18-1 § 15.1. Defendants argue, and I agree, that because the sole claim of the Complaint alleges a breach of the Agreement and Defendants say that the claim is covered by the Agreement's arbitration clause, I must stay the case pursuant to Section 3 of the FAA.

CMMI counters that the Agreement has a forum selection clause that allows it to evade the Agreement's arbitration clause and litigate its contract claim in this Court. I disagree. The forum selection clause reads:

> This Agreement shall be governed and construed in accordance with the laws of the State of Delaware, without reference to its conflict of laws provisions, except that matters involving the construction, validity and enforceability of any patent shall be governed by and construed in accordance with the laws of the country in which the patent has been granted. Each party hereby submits itself for the sole purpose of this Agreement and any controversy arising hereunder to the exclusive jurisdiction of the federal and state courts located in the State of Delaware, and waives any objection (on the grounds of lack of personal jurisdiction, improper venue, improper service, forum non conveniens, or otherwise) to the exercise of such jurisdiction over it by any federal or state court located in the State of Delaware.

D.I. 18-1 § 16.1. CMMI insists that this clause and the Agreement's arbitration clause are "competing clauses," D.I. 25 at 9. But on the contrary, the clauses complement each other. The arbitration clause requires the parties to arbitrate any dispute arising out of the Agreement unless the resolution of the dispute "requir[es] a judgment as to the validity, scope, applicability, enforceability or infringement of any patent or patent claim." D.I. 18-1 § 15.1. The forum selection clause requires the parties to litigate in a Delaware court any action to enforce or challenge an arbitral decision or to resolve a dispute that "requir[es] a judgment as to the validity, scope, applicability, enforceability or infringement of any patent or patent

3

claim," D.I. 18-1 § 15.1. The two clauses are easily read together. *See generally E.I. du Pont de Nemours & Co. v. Shell Oil Co.*, 498 A.2d 1108, 1114 (Del. 1985) (recognizing "cardinal rule of contract construction that, where possible, a court should give effect to all contract provisions"); *see also Lahoud v. Document Techs. LLC*, 2017 WL 5466704, at *5 (S.D.N.Y. Nov. 14, 2017) ("[A] broad forum selection clause can complement a broad arbitration clause, because, at a minimum, the forum selection clause can reflect the parties' agreement to a particular venue to enforce or challenge an arbitral award.").

CMMI also argues that its claim in this case falls outside the scope of the arbitration clause for "multiple reasons." D.I. 25 at 12. It says, for example, that "the controversy and/or claim in this lawsuit requires a judgment as to both the scope and infringement of [certain patents] in order to determine whether a royalty is owed under the [Agreement]." D.I. 25 at 13. But the Agreement's arbitration clause expressly states that the arbitration shall be conducted "in accordance with the Rules of the American Arbitration Association," D.I. 18-1 § 15.1, and the Third Circuit has held that the incorporation of the Rules of the American Arbitration Association in an arbitration clause "constitutes clear and unmistakable evidence that the parties agreed to delegate arbitrability," *Richardson v. Coverall N.A., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020); *see also Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 763–64 (3d Cir. 2015) ("[V]irtually every

4

circuit to have considered the issue [of arbitrating arbitrability] has determined that incorporation of the [American Arbitration Association] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." (citations omitted)). Accordingly, whether CMMI's contract claim falls under the Agreement's arbitration clause is a question for the arbitrator.

For these reasons, I will grant Defendants' motion to stay the case pending arbitration. I need not address Defendants' alternative motion to dismiss.

NOW THEREFORE, at Wilmington on this Twenty-second day of September in 2025, it is HEREBY ORDERED that Defendants Immunomedics, Inc. and Gilead Sciences, Inc.'s Motion to Stay Pending Arbitration or, Alternatively, to Dismiss, (D.I. 17) is GRANTED and the case is STAYED PENDING FURTHER ORDER OF THE COURT.

_____
CHIEF JUDGE